# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 15-967V
## (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARK ROBINSON, | \* | |
| | \* | Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed: September 12, 2018 |
| | \* | |
| v. | \* | |
| | \* | Attorney's Fees and Costs. |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Isaiah Kalinowski*, Maglio Christopher & Toale, Washington, DC for Petitioner.

*Gabrielle M. Fielding*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On September 3, 2015, Mark Robinson filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of his January 16, 2013, influenza ("flu") and tetanus, diphtheria, and acellular pertussis ("Tdap")

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

vaccines. The parties filed a stipulation for damages on May 29, 2018 (ECF No. 52), which I adopted as my Decision awarding damages on May 30, 2018 (ECF No. 53).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated August 3, 2018 (ECF No. 58) ("Fees App."), requesting reimbursement in the total amount of $137,955.35 (representing $95,484.70 in attorney's fees, plus $42,470.65 in costs). Fees App. at 1-2. Counsel also warrants that pursuant to General Order No. 9, Petitioner has not incurred any additional fees or costs related to the litigation of this case. *Id.* at 2. Respondent reacted to the motion on August 15, 2018, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, and deferring to my discretion to determine the amount to be awarded. ECF No. 59 at 2-3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding final attorney's fees and costs in the amount of **$137,372.95.**

## ANALYSIS

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate amount of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).[3] The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

---

[3] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999) ).

Petitioner requests the following rates of compensation for her attorneys: for Mr. Isaiah Kalinowski, $341 per hour for work performed in 2015; $349 per hour for work performed in 2016; $358 per hour for work performed in 2017; and $368 per hour for work performed in 2018. Fees App. Ex. 113 at 34. Petitioner also requests that Ms. Amber Wilson be compensated at a rate of $275 per hour for work performed in 2016. *Id.* Finally, Petitioner requests rates ranging between $95 to 145 per hour for work performed by various paralegals between 2014 and 2018, depending on the paralegal and the year the work was performed. *Id.* at 34-35.

In my past decisions, I have determined that attorneys like Mr. Kalinowski, who work for the Maglio Firm, are entitled to forum rates. *See, e.g.*, *Dezern v. Sec'y of Health & Human Servs.,* No. 13–643, 2016 WL 6678496 (Fed. Cl. Spec. Mstr. Oct. 14, 2016). This determination is consistent with decisions issued by other special masters. *See, e.g.*, *O'Neil v. Sec'y of Heath & Human Servs.*, No. 08–243V, 2015 WL 2399211 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). The hourly rates requested herein by Mr. Kalinowski and his paralegals are also consistent with those awarded by other special masters. *See, e.g.*, *Stewart v. Sec'y of Health & Human Servs.,* No. 12–776V, 2017 WL 2807955 (Fed. Cl. Spec. Mstr. May 30, 2017) (awarding $349 per hour for 2016 and $358 per hour for 2017); *Snyder v. Sec'y of Health & Human Servs.*, No. 14–482V, 2017 WL 1291794 (Fed. Cl. Spec. Mstr. Mar. 13, 2017) (awarding $349 per hour for 2016); *McGrath v. Sec'y of Health & Human Servs.*, No. 15–0275V, 2016 WL 8257731, at *5 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (awarding $325 per hour for 2015 and $349 per hour for 2016). Furthermore, Mr. Kalinowski's requested increase to $368 per hour for work completed in 2018, as well as an increase in paralegal rate to $148 in 2018, are reasonable and consistent with the forum rate chart set forth on the Court of Federal Claims' website.[4] I will therefore award the rates requested.

However, I will make one reduction to Mr. Kalinowski's rate. It appears that Mr. Kalinowski has been awarded two different rates for 2015. *See, e.g.*, *Stewart*, 2017 WL 2807955, at *2 (awarding a rate of $341 for 2015); *McGrath*, 2016 WL 8257731, at *5 (awarding a rate of $325 per hour for 2015). I find the lower rate ($325 per hour) to be more reasonable, however, and consistent with the Office of Special Masters' 2015 fee schedule, given Mr. Kalinowski's nine to ten years of experience in 2015. I will thus compensate Mr. Kalinowski at a rate of $325 per hour for 2015 (resulting in per-hour rates as follows: $325 per hour for 2015; $349 per hour in 2016; $358 per hour in 2017; and $368 in 2018). Upon review of the billing record, Mr. Kalinowski billed for 36.4 hours of work in 2015, resulting in an overall fee reduction of **$582.40**.

---

[4] I have previously proposed rates for Mr. Kalinowski in a prior decision. *See Scharfenberger v. Sec'y of Health & Human Servs. See Scharfenberger v. Sec'y of Health & Human Servs.*, No. 11-221V, 2015 WL 3526559, at *4-6 (Fed. Cl. Spec. Mstr. May 15, 2015). However, *Scharfenberger* was filed before I concluded that the Maglio firm was entitled to forum rates. *See Dezern*, 2016 WL 6678496, at *6. Thus, I note that any rates determinations made in *Scharfenberger* have been superseded by my ruling in *Dezern*.

The rate requested for Ms. Wilson is consistent with what other special masters have awarded her for her work in 2016, and shall be awarded. *See Brutsch v. Sec'y of Health & Human Servs.*, No. 16-874V, 2018 WL 1835116 (Fed. Cl. Spec. Mstr. Mar. 16, 2018); The rates sought for various paralegals (ranging from $95 to $145 per hour) also appear to be reasonable and are all within the prescribed *McCulloch* range for paralegals for the appropriate years. Thus, no adjustment is required for these rates.

Additionally, the overall hours spent on this matter (322.9) appear to be reasonable. Although the Petition was filed on September 3, 2015, the billing records indicate that work in this case began nearly one year earlier, on October 8, 2014. Fees App. Ex. 113 at 1. Ultimately, counsel's time appears to have been well spent, as after over two years of negotiations, counsel was able to negotiate a settlement for his client. Additionally, although the amount of hours is large for a case that did not go to a hearing, I note that this is the first request for fees and costs filed by Petitioner. I have reviewed the submitted documentation and do not find any entries to be objectionable, and Respondent has not pointed to any particular entries as objectionable. Accordingly, based on the rates determined, I will award Petitioner a total of **$94,902.30** in attorney's fees plus paralegal costs.

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $10,895.00 in overall costs for work performed by CliftonLarsonAllen in preparing a lost wages report to aide in settlement discussions. Fees App. Ex. 114 at 1. I have previously found that retaining the services of CliftonLarsonAllen to be reasonable, especially when the matter ultimately settles. *See Scharfenberger v. Sec'y of Health & Human Servs.*, No. 11-221V, 2015 WL 3526559, at *13 (Fed. Cl. Spec. Mstr. May 15, 2015). This approach has since been adopted by other special masters. *See, e.g., DiFazio v. Sec'y of Health & Human Servs.*, No. 09-530V, 2017 WL 2417322, at *5 (Fed. Cl. Spec. Mstr. May 10, 2017). Accordingly, I will reimburse Petitioner in full for these costs.

Similarly, I find the cost for retaining the services of former Chief Special Master Gary

Golkiewicz for mediation to be reasonable. Although settlement negotiations began almost immediately after the filing of the petition, it is clear from the progression of the case that the former Chief Special Master played a valuable role in getting the parties to reach a final agreement. Former Chief Special Master Golkiewicz billed at a rate $400 per hour, and he spent 6.3 hours with Petitioner alone and 28.3 hours in settlement negotiations with both parties (for which the billing record indicates the parties agreed to split payment for). The former Chief Special Master is undoubtedly qualified to assist Vaccine Program litigants with mediation services, and $400 per hour is a reasonable rate for his time. In sum, the $8,194.15 sought by Petitioner for mediation services is reasonable, and shall be awarded in full.

For Petitioner's two experts, Drs. Omid Akbari and Kazim Ali Sheikh, Petitioner requests compensation for their work at the rate of $500 per hour for their time spent conducting research and preparing expert reports. Fees App. Ex. 2 at 1.  Dr. Akbari billed 15 hours for a total cost of $7,500.00, while Dr. Sheikh billed 22 hours for a total cost of $11,000. *Id.* at 32-35. Other special masters have awarded Drs. Akbari and Sheikh $500 per hour for work performed in Vaccine Program litigation. *See Hernandez v. Sec'y of Health & Human Servs.*, No. 16-1508V, slip op. at 3-4 (Fed. Cl. Spec. Mstr. Aug. 20, 2018) (awarding Dr. Akbari $500 per hour); *Johnson v. Sec'y of Health & Human Servs.*, No. 14-642V, slip op. at 3 (Fed. Cl. Spec. Mstr. Sep. 21, 2017) (awarding Dr. Sheikh $500 per hour). An award of $500 per hour is on the higher end of what experts are normally paid in the Vaccine Program, and is usually a rate reserved only for the testifying experts with the most prior experience in Vaccine Act cases. However (and especially with attorney rates rising), it is foreseeable that experts will increasingly request such a figure, and (given what the market would pay for their services) be entitled to receive it. Thus, I will award Petitioner's experts the requested rates. I also find the hours billed by Petitioner's experts to be reasonable as well. Petitioner is therefore entitled to the full amount requested for expert costs.

The remainder of the costs are those typically incurred in Vaccine Program cases, such as costs for medical records, legal research, medical literature, and the filing fee. Fees App. Ex. 114 at 1-2. Petitioner has provided adequate documentation of these costs, and I shall therefore award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$137,372.95** (representing $94,902.30 in attorney's fees and $42,470.65 in costs) as a lump sum in the form of a check jointly payable to Petitioner and his counsel, Mr. Isaiah Kalinowski, Esq. In the absence of a timely-filed motion for review

(see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.